**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| AQ CORPORATION, | |
| Plaintiff, | |
| v. | CASE NO. 2:25-CV-01012-JRG |
| SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

**SAMSUNG'S MOTION TO STAY PENDING**
***INTER PARTES* REVIEW OF THE ASSERTED PATENTS**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.     **INTRODUCTION**................................................................................................ 1

II.    **FACTUAL BACKGROUND** ............................................................................. 2

III.   **LEGAL STANDARD** ....................................................................................... 3

IV.   **ARGUMENT** ...................................................................................................... 4

      (a)    A Stay Pending IPR Proceedings Will Simplify or Eliminate Issues in This Case........................................................................................................ 4

      (b)    AQ Will Not Suffer Any Undue Prejudice from a Stay of This Case Pending IPR Proceedings......................................................................... 6

      (c)    The Early Stage of This Case Weighs in Favor of a Stay of This Case Pending IPR Proceedings......................................................................... 8

V.     **CONCLUSION** ............................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Aylus Networks, Inc. v. Apple Inc.*,
   856 F.3d 1353 (Fed. Cir. 2017)...................................................................................5, 9

*Chart Trading Dev., LLC v. Tradestation Grp., Inc.*
   No. 6:15-cv-1136-JDL, 2016 WL 1246579 (E.D. Tex. Mar. 29, 2016)..................................9

*Clinton v. Jones*,
   520 U.S. 681 (1997)..........................................................................................................3

*Corel Software, LLC v. Microsoft Corp.*,
   No. 2:15-cv-528-JNP-PMW, 2016 WL 4444747 (D. Utah Aug. 23, 2016).............................5

*CyWee Grp. Ltd. v. Samsung Elecs. Co.*,
   No. 2:17-cv-00140-WCB-RSP, 2019 WL 11023976 (E.D. Tex. Feb. 14, 2019).....................8

*Dolby Lab'ys Licensing Corp. v. Unified Pats., LLC*,
   138 F.4th 1363 (Fed. Cir. 2025) .........................................................................................8

*In re Etter*,
   756 F.2d 852 (Fed. Cir. 1985)............................................................................................5

*Huawei Techs. Co. v. T-Mobile US, Inc.*,
   No. 2:16-cv-00052-JRG-RSP, 2017 WL 4385567 (E.D. Tex. Sep. 9, 2017),
   *report and recommendation adopted by* 2017 WL 4314580 (E.D. Tex. Sep.
   28, 2017) (Gilstrap, J.) .......................................................................................................5

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936)..........................................................................................................3

*Landmark Tech., LLC v. iRobot Corp.*,
   No. 6:13-cv-411-JDL, 2014 WL 486836 (E.D. Tex. Jan. 24, 2014) .........................................9

*NFC Tech. LLC v. HTC Am., Inc.*,
   No. 2:13-cv-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015).........................3, 4, 6

*Realtime Data, LLC v. Hewlett Packard Enter. Co.*,
   No. 6:16-cv-00086-RWS-JDL, 2017 WL 3712916 (E.D. Tex. Feb. 3, 2017) .........................5

*Smartflash LLC v. Apple Inc.*,
   621 F. App'x 995 (Fed. Cir. 2015) ......................................................................................9

*Stragent LLC v. BMW of N. Am., LLC*,
   No. 6:16-CV-446, 2017 WL 3709083 (E.D. Tex. July 11, 2017) ...........................................7

*Telcom Ventures LLC v. Apple Inc.*,
    No. 25-CV-05041-RFL, 2026 WL 84431 (N.D. Cal. Jan. 12, 2026) ......................................4

*Thryv, Inc v. Click-To-Call Techs., LP*,
    590 U.S. 45 (2020) ...........................................................................................................8

*Uniloc 2017 LLC v. LG Elecs. U.S.A., Inc.*,
    No. 3:18-CV-3071-N, 2020 WL 374545 (N.D. Tex. Jan. 23, 2020) ...................................7, 8

*Uniloc USA Inc. v. Google Inc.*,
    No. 2:17-cv-00231-JRG, Order Granting Motion to Stay, Dkt. 47 (E.D. Tex.
    Oct. 3, 2017) (Gilstrap, J.) ...............................................................................................6

*Versata Software, Inc., v. Callidus Software, Inc.*,
    771 F.3d 1368 (Fed. Cir. 2014), *opinion vacated on other grounds by* 780
    F.3d 1134 (Fed. Cir. 2015)..............................................................................................6, 9

*Vill. Green Techs., LLC v. Samsung Elecs. Co.*,
    No. 2:22-CV-00099-JRG, 2023 WL 416419 (E.D. Tex. Jan. 25, 2023) ..........................3, 4, 5

*VirtualAgility Inc v. Salesforce.com, Inc.*,
    759 F.3d 1307 (Fed. Cir. 2014)..........................................................................................1, 7

## I.    INTRODUCTION

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") respectfully move to stay the above-captioned litigation until the Patent Trial and Appeal Board ("PTAB") has concluded *inter partes* review ("IPR") of the asserted patents in this case, U.S. Patent Nos. 11,303,011; 11,495,875; and 11,728,564 (collectively, the "Asserted Patents").

On January 26, 2026, Samsung filed IPR petitions for each Asserted Patent. The factors that this Court typically considers favor staying this litigation pending resolution of these IPRs. *First*, a stay pending the IPRs will simplify the issues in this case. The IPR petitions challenge all the Asserted Patents' claims (and thus all asserted claims), relying entirely on prior art that the Patent Office did not consider during prosecution. Further, Plaintiff AQ Corporation ("AQ")'s statements in IPR proceedings will be relevant to issues in this case, including claim construction. Given the substantive effect the IPR petitions will have on the Asserted Patents, the interests of efficiency favor staying the case now. *Second*, a stay will not unduly prejudice AQ because AQ delayed filing its suit against Samsung for years, AQ and Samsung are not competitors, and AQ, which did not seek a preliminary injunction, can be adequately compensated by monetary damages for any alleged infringement (to be clear, there is no infringement). *See VirtualAgility Inc v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318-20 (Fed. Cir. 2014) (remanding with instructions to grant stay where "the evidence of competition is weak" and the patentee's delay in filing suit "belie[d] its claims that it will be unduly prejudiced by a stay"). *Third*, this case is in its infancy. The scheduling conference occurred just weeks ago, fact discovery has not begun, the Markman hearing is scheduled for over a year from now, no depositions have occurred, expert discovery has not yet begun, and trial is more than 20 months away. Dkt. 23. Staying the case now will conserve the Court's and the parties' resources and

1

likely obviate the need for any further expenditure of them. Samsung respectfully requests that the Court stay this case pending final resolution of the IPRs.

## II.    FACTUAL BACKGROUND

AQ initiated this case by filing its Complaint on October 7, 2025. Dkt. 1. On January 26, 2026, the day before Samsung filed its Answer and Counterclaims (Dkt. 19), Samsung filed IPR petitions challenging each claim (including all asserted claims) from each Asserted Patent:

| Patent No. | IPR No. |
|---|---|
| 11,303,011 | IPR2026-00231 |
| 11,495,875 | IPR2026-00232 |
| 11,728,564 | IPR2026-00234 |

Each of the IPR petitions rely exclusively on prior art references that were not considered by the Patent Office, either alone or combined as in the petitions, during prosecution of the applications that issued as the Asserted Patents. The art relied on in each IPR is as follows:

- PCT Publication 2017/175886 ("Seong")

- U.S. Patent Application Publication 2019/0109373 ("Ahn")

- U.S. Patent 10,269,005 ("005Lee")

- Korean Patent Publication 10- 2017-0093670 ("Cho")

- U.S. Patent Application Publication 2017/0228721 ("721Lee")

- U.S. Patent Application Publication 2018/0198209 ("Kang")

*See generally* Exs. 1-3 (IPR Petitions).

These prior art references render obvious every challenged claim of the Asserted Patents for the reasons stated in the IPR petitions. In support, Dr. David Choi submitted declarations explaining why the challenged claims would have been obvious to a person of ordinary skill in the art in view of the prior art references, providing motivations for combining the prior art references in the manner claimed by the Asserted Patents, and showing that the combinations

would have been well within the knowledge and ability of a person of ordinary skill in the art. *See generally* Exs. 4-6 (Choi Declarations). Samsung filed this motion promptly after the PTAB provided Notices of Filing Date Accorded for IPR2026-00231, -00232, and -00234.[1] Exs. 7-9 (Notices of Filing Dates Accorded).

All significant events remain in this case: the *Markman* hearing is scheduled for May 12, 2027; fact discovery closes on June 14, 2027; expert discovery closes on July 19, 2027; dispositive motions are due on July 26, 2027; and the trial is scheduled for jury selection on November 1, 2027. Dkt. 23.

## III.  LEGAL STANDARD

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Vill. Green Techs., LLC v. Samsung Elecs. Co.*, No. 2:22-CV-00099-JRG, 2023 WL 416419, at *1 (E.D. Tex. Jan. 25, 2023) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). When managing its docket, the district court "must weigh competing interests and maintain an even balance." *Id.* (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).

When deciding whether to stay a case pending IPR, district courts will consider "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *Id.*, at *2 (quoting *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015)). "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.* (quoting *NFC Tech.*, 2015 WL 1069111, at *2).

---

[1] Based on AQ's pre-institution briefing deadlines, the PTAB's Institution Decisions are due by July 29, 2026.

## IV.    ARGUMENT

The factors this Court typically considers favor granting a stay pending the results of Samsung's IPR petitions. Here, a stay will simplify this litigation, it will not cause any undue prejudice to AQ, and it will conserve this Court's and the parties' resources.

### (a)    A Stay Pending IPR Proceedings Will Simplify or Eliminate Issues in This Case

"[T]he most important factor bearing on whether to grant a stay in this case is the prospect that the inter partes review proceeding will result in simplification of the issues before the Court." *Vill. Green Techs.*, 2023 WL 416419, at *3 (quoting *NFC Tech.*, 2015 WL 1069111, at *4). Instituted IPRs generally lead to claim cancellation, and thus the outcome of the pending IPR proceedings will simplify the issues in this case. From October 2025 through December 2025, 80% of Final Written Decisions have resulted in at least one claim being found invalid, and 60% of Final Written Decisions have found all instituted claims invalid, based on the most recent statistics published by the USPTO. *See* Ex. 10 (PTAB Q1 26 Stats) at 3.[2,3] The IPR petitions here challenge all asserted claims of the Asserted Patents.[4] The cancellation of those claims will simplify the issues in this case and potentially resolve it altogether.

Moreover, "[a] stay is particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *Vill. Green Techs.*, 2023 WL 416419, at *1 (internal quotation marks and citation

---

[2]    (75 FWD All Unpatentable + 24 FWD Mixed) / (75 FWD All Unpatentable + 24 FWD Mixed + 25 FWD All Patentable) = 80%

[3]    (75 FWD All Unpatentable) / (75 FWD All Unpatentable + 24 FWD Mixed + 25 FWD All Patentable) = 60%

[4]    Samsung acknowledges that the IPR institution rate has declined since October 2025.  However, given the breadth and simplicity of the challenged claims and the strength of the prior art relied on in Samsung's IPR petitions, none of which was before the Patent Office previously, Samsung expects institution is likely, warranting a stay. *See Telcom Ventures LLC v. Apple Inc.*, No. 25-CV-05041-RFL, 2026 WL 84431, at *2 (N.D. Cal. Jan. 12, 2026) (granting motion to stay pending *inter partes* review before any IPRs were instituted).

omitted). Samsung's IPR petitions rely entirely on prior art that the Patent Office did not consider during prosecution. As the Federal Circuit and this Court have observed, "an auxiliary function [of the proceeding] is to free the court from any need to consider prior art without the benefit of the [PTAB]'s initial consideration." *Realtime Data, LLC v. Hewlett Packard Enter. Co.*, No. 6:16-cv-00086-RWS-JDL, 2017 WL 3712916, at *3 (E.D. Tex. Feb. 3, 2017) (quoting *In re Etter*, 756 F.2d 852, 857 (Fed. Cir. 1985)). So even if the IPRs are instituted but none of the challenged claims are cancelled, a stay will simplify the case because of estoppel principles. *See Vill. Green Techs.*, 2023 WL 416419, at *3; *see also Corel Software, LLC v. Microsoft Corp.*, No. 2:15-cv-528-JNP-PMW, 2016 WL 4444747, at *2 (D. Utah Aug. 23, 2016) ("Proceeding with claim construction without the benefit of the additional intrinsic record developed during IPR could complicate this case by making it necessary to reconsider certain claim construction issues."). Therefore, "the most important factor bearing on whether to grant a stay in this case" strongly favors granting Samsung's request for a stay, because the IPR proceedings are likely to simplify the issues before this Court. *See id.*

Further, even before the PTAB issues its decisions on institution, the IPR proceedings are likely to assist this Court, because AQ's statements in its Preliminary Responses will be material evidence for issues, including claim construction. *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1362 (Fed. Cir. 2017). This Court has previously found statements in a patent owner's preliminary response dispositive. *Huawei Techs. Co. v. T-Mobile US, Inc.*, No. 2:16-cv-00052-JRG-RSP, 2017 WL 4385567, at *3–5 (E.D. Tex. Sep. 9, 2017) (holding that statements made to the Patent Office in a preliminary response to a petition for IPR constituted prosecution disclaimer), *report and recommendation adopted by* 2017 WL 4314580 (E.D. Tex. Sep. 28, 2017) (Gilstrap, J.). An immediate stay would allow the parties and the Court to avoid the burden

and expense of the *Markman* hearing currently scheduled for May 12, 2027, and ensure that, should this case later resume, the parties and the Court have a complete record on which to resolve claim construction issues. Without a stay, the time spent by the Court to decide claim construction issues may be wasted if the PTAB finds claims invalid or if AQ takes positions, including amendments, during the IPRs that impact the scope of the claims.

Samsung respectfully asserts that judicial economy is best served by staying this litigation. Samsung's IPR petitions challenge all asserted claims in this case. If the PTAB invalidates these claims—as Samsung expects will happen—then a stay will have saved significant time and resources for the Court and for the parties. If the PTAB invalidates only some of these claims, the IPRs still will have narrowed the number of asserted claims and will have added to the record in ways that may inform the remaining issues in this case. Even if only some of the IPR petitions are instituted, Samsung respectfully asserts that judicial economy still counsels that this case should be stayed, because any IPR proceedings will simplify the issues in this case, and there is no requirement that all asserted claims be covered by an IPR for a district court to grant a stay. *See*, *e.g.*, *Versata Software, Inc., v. Callidus Software, Inc.*, 771 F.3d 1368, 1371-72 (Fed. Cir. 2014). As this Court has previously recognized, "**any** disposition by the PTAB is likely to simplify the proceedings before this Court." *NFC Tech.*, 2015 WL 1069111, at *7 (emphasis added); *see also Uniloc USA Inc. v. Google Inc.*, No. 2:17-cv-00231-JRG, Order Granting Motion to Stay, Dkt. 47, at 2 (E.D. Tex. Oct. 3, 2017) (Gilstrap, J.) (granting motion to stay where IPRs for two out of four patents-in-suit asserted in multiple related actions were instituted, finding that there was "a significant likelihood that the outcome of the IPR proceedings will streamline the scope and resolution of these cases").

**(b)      AQ Will Not Suffer Any Undue Prejudice from a Stay of This Case Pending IPR Proceedings**

AQ will not suffer any undue prejudice if the Court stays this case. "[W]hether the patentee will be *unduly prejudiced* by a stay in the district court proceedings … focuses on the

patentee's need for an expeditious resolution of its claim." *VirtualAgility*, 759 F.3d at 1318. AQ has no such need. Indeed, AQ could have initiated this litigation against Samsung years ago. In its Complaint, AQ alleges that it "learn[ed] that Samsung had adopted AQ's proprietary and patent-pending design" in September 2020 (which Samsung denies), the earliest Asserted Patent issued on April 12, 2022, and the latest Asserted Patent issued on August 15, 2023. Dkt. 1, ¶¶ 13-15, 24. Yet, AQ did not file this Complaint until a few months ago. *See id.* AQ's multi-year delay in initiating this litigation strongly indicates that AQ will not be unduly prejudiced by an additional brief delay in litigating its infringement claims while the IPR petitions are pending. *See VirtualAgility*, 759 F.3d at 1319 (finding that a nearly one-year delay between patent issuance and filing suit weighed against a finding of undue prejudice from a stay).

Additionally, AQ and Samsung are not competitors with regard to the accused products; indeed, AQ and Samsung are not competitors at all. AQ accuses several Samsung mobile phone products. Dkt. 1, ¶ 17. AQ does not manufacture or sell any such products. *Id.*, ¶¶ 16, 20. The lack of competition between Samsung and AQ weighs against a finding of undue prejudice. *See Uniloc 2017 LLC v. LG Elecs. U.S.A., Inc.*, No. 3:18-CV-3071-N, 2020 WL 374545 at *1 (N.D. Tex. Jan. 23, 2020) ("While 'competition between parties can weigh in favor of finding undue prejudice,' Uniloc and Defendants are not competitors.") (quoting *VirtualAgility*, 759 F.3d at 1318). And if AQ is ultimately entitled to relief for its claims of alleged infringement (to be clear, there is no infringement), AQ would be adequately compensated through monetary damages. "A stay will not diminish the monetary damages to which [AQ] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages." *VirtualAgility*, 759 F.3d at 1318. The "mere delay in collecting those damages does not constitute undue prejudice." *Stragent LLC v. BMW of N. Am., LLC*, No. 6:16-CV-446, 2017 WL 3709083, at *2 (E.D. Tex. July 11, 2017) (quotation marks and citation omitted). Moreover, AQ has not filed for

a preliminary injunction, which further "suggests that monetary damages could adequately compensate it if Defendants were held liable," and therefore additionally weighs in favor of staying the litigation. *Uniloc 2017*, 2020 WL 374545 at *1.

By contrast, Samsung would be prejudiced without a stay because it would continue to incur expenses and endure the burden of defending against AQ's infringement allegations, which Samsung expects would be mooted (or, at the very least, materially changed) by the PTAB's Final Written Decisions in the IPRs. To date, no document production has taken place in this case, and the deadline to substantially complete document production is not until March 31, 2027. Dkt. 23. Similarly, the claim construction hearing is not scheduled until March 12, 2027, with the trial not scheduled until November 1, 2027. *Id.*

To be sure, a stay will benefit both parties and the Court, by taking advantage of the IPR system, which created "a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." *Dolby Lab'ys Licensing Corp. v. Unified Pats., LLC*, 138 F.4th 1363 (Fed. Cir. 2025) (quoting *Thryv, Inc v. Click-To-Call Techs., LP*, 590 U.S. 45, 54 (2020)). Thus, this factor favors a stay.

(c)     **The Early Stage of This Case Weighs in Favor of a Stay Pending IPR Proceedings**

Samsung filed this motion promptly after receiving the PTAB's Notices of Filing Date Accorded on January 29, 2026, for IPR2026-00231, -00232, and -00234. There is a significant amount of work for the parties and the Court remaining in this case. The scheduling conference occurred just weeks ago, fact discovery has not begun, and the *Markman* hearing is scheduled for over a year from now. Further, expert discovery has not yet begun, and summary judgment and trial preparation are well in the future. In short, "the most burdensome parts of the case … all lie in the future." *CyWee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-cv-00140-WCB-RSP, 2019 WL

11023976, at *6 (E.D. Tex. Feb. 14, 2019) (granting motion to stay). A stay would save precious judicial and party resources. *See Smartflash LLC v. Apple Inc.*, 621 F. App'x 995, 1005 (Fed. Cir. 2015) ("Despite the substantial time and effort already spent in this case, the most burdensome task is yet to come. A determination from the PTAB that all the asserted claims are patent ineligible will spare the parties and the district court the expense of any further litigation, including a trial.") (remanding with instructions to grant Samsung's motion to stay); *Landmark Tech., LLC v. iRobot Corp.*, No. 6:13-cv-411-JDL, 2014 WL 486836, at *3 (E.D. Tex. Jan. 24, 2014) ("Staying a case at an early juncture can advance judicial efficiency and maximize the likelihood that neither the court nor the parties expend their assets addressing invalid claims.") (internal quotation marks and citation omitted) (granting motion to stay); *Chart Trading Dev., LLC v. Tradestation Grp., Inc.* No. 6:15-cv-1136-JDL, 2016 WL 1246579, at *4 (E.D. Tex. Mar. 29, 2016) (finding early stage of litigation weighed in favor of granting motion to stay).

A stay will conserve judicial resources, including by avoiding any need to revisit claim construction or other orders in view of arguments advanced before the PTAB. *See Aylus Networks, Inc.*, 856 F.3d at 1364 (Fed. Cir. 2017) ("[S]tatements made by a patent owner during an IPR proceeding, whether before or after an institution decision, can be relied upon to support a finding of prosecution disclaimer."). A stay will also allow the parties to avoid incurring significant expense if the litigation continues. *See, e.g., Versata Software, Inc.*, 771 F.3d at 1374 (finding that the district court should be "mindful of the burden on the parties and the court in completing both fact and expert discovery, resolving summary judgment motions, completing the *Markman* process, and preparing for trial" and further finding that such circumstances weighed strongly in favor of a stay), *opinion vacated on other grounds by* 780 F.3d 1134 (Fed. Cir. 2015).

V.    **CONCLUSION**

A stay of this case pending final resolution of the IPRs is warranted. Staying this case will simplify, or indeed eliminate, many of the issues in this case, which is in its early stages. And a stay will not unduly burden AQ—it waited years before suing Samsung, it does not compete with Samsung, and it did not seek a preliminary injunction. So, to preserve the Court's and the parties' resources, Samsung respectfully requests that the Court grant this motion. Should the Court be inclined to deny this motion pending the PTAB's institution decisions, Samsung respectfully requests that the motion be denied without prejudice so that Samsung may renew its motion after Samsung's IPRs have been instituted.

Dated: February 17, 2026                    Respectfully submitted,

*/s/ Melissa R. Smith*
Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

Gregory S. Arovas, P.C. (*pro hac vice forthcoming*)
Joseph A. Loy, P.C. (admitted in E.D. Texas)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: greg.arovas@kirkland.com
Email: jloy@kirkland.com

F. Christopher Mizzo (admitted in E.D. Texas)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave NW
Washington, DC 20004
Telephone: (202) 389-5000
Facsimile: (202) 879-5000
Email: chris.mizzo@kirkland.com

Adam Janes (pro hac vice forthcoming)
KIRKLAND & ELLIS LLP
333 W Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: adam.janes@kirkland.com

*Attorneys for Defendants Samsung Electronics Co.,*
*Ltd., and Samsung Electronics America, Inc*

11

## CERTIFICATE OF CONFERENCE

On February 17, 2026, counsel for Defendants has complied with the meet and confer requirement in Local Rule CV-7(h) and made a good-faith effort to resolve the matter presented herein. Plaintiff opposes the instant motion.

*/s/ Melissa R. Smith*
Melissa R. Smith

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on February 17, 2026 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Melissa R. Smith*
Melissa R. Smith