# Exhibit 9

Trials@uspto.gov
571-272-7822

Paper 4

# UNITED STATES PATENT AND TRADEMARK OFFICE

_____

## BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

SAMSUNG ELECTRONICS CO., LTD. and
SAMSUNG ELECTRONICS AMERICA, INC.,
Petitioner,

v.

AQ CORPORATION,
Patent Owner.

_____

IPR2026-00234
Patent 11,728,564

_____

Mailed:  January 29, 2026

Before KAREN I. SWEENEY, *Trial Paralegal*

NOTICE OF FILING DATE ACCORDED TO PETITION
AND
TIME FOR FILING PATENT OWNER PRELIMINARY RESPONSE

The petition for *inter partes* review filed in the above proceeding has been accorded the filing date of January 26, 2026.

A review of the petition identified the following defect(s):

- Clarification as to claims being challenged. The Table of Contents and headers throughout the petition list claims 1 through 22, invalidity table on page 5 of the Petition lists claims 1 through 20.  Further, claims 21 and 22 do not

IPR2026-00234
Patent 11,728,564

appear to be discussed in the body of the Petition. *See* 37 C.F.R. § 42.104(b)(2).

Petitioner must correct the defect(s) within FIVE BUSINESS DAYS from this notice. Failure to correct the defect(s) may result in an order to show cause as to why the Board should institute the trial. No substantive changes (e.g., new grounds) may be made to the petition.

Patent Owner may file a brief requesting discretionary denial within two months from the date of this notice and Petitioner may file a brief opposing Patent Owner's discretionary denial request within three months of from the date of this notice. For more information, parties may consult the Interim Director Discretionary Process webpage, which is available at https://www.uspto.gov/patents/ptab/interim-director-discretionary-process.

Patent Owner may file a preliminary response to the petition no later than three months from the date of this notice. The preliminary response is limited to setting forth the reasons why the requested review should not be instituted. Patent Owner may also file an election to waive the preliminary response to expedite the proceeding. For more information, please consult the Office Patent Trial Practice Guide, 77 Fed. Reg. 48756 (Aug. 14, 2012), which is available on the Board Web site at http://www.uspto.gov/PTAB.

Patent Owner is advised of the requirement to submit mandatory notice information under 37 C.F.R. § 42.8(a)(2) within 21 days of service of the petition. Mandatory notices include identifying any other judicial or administrative matter that would affect, or be affected by, a decision in the proceeding. 37 C.F.R. § 42.8(b)(2). Such administrative matters include requests for certificates of correction.

IPR2026-00234
Patent 11,728,564

The parties are encouraged to use the heading on the first page of this Notice for all future filings in the proceeding.

In general, all represented parties must designate a lead counsel and at least one back-up counsel, and lead counsel must be a registered practitioner. 37 C.F.R. § 42.10(a). The Board, however, may permit a party to proceed without back-up counsel upon a showing of good cause, so long as lead counsel is a registered practitioner. *Id*. Once a party has designated a registered practitioner as lead counsel pursuant to 37 C.F.R. § 42.10(a) and filed a power of attorney for lead counsel if required by 37 C.F.R. § 42.10(b), that party is authorized to file a motion seeking leave to proceed without back-up counsel. Such a motion shall not be filed earlier than 21 days after service of the petition, which is the time for filing patent owner mandatory notices. A party that files such a motion need not designate back-up counsel unless and until its motion to proceed without back-up counsel is denied. The parties are advised that the types of good cause sufficient to permit a party to proceed without back-up counsel are limited. *See* Expanding Opportunities To Appeal Before the Patent Trial and Appeal Board, 89 C.F.R. 82172, 82174 (Oct. 10, 2024), which is available at https://www.federalregister.gov/d/2024-23319. The parties are also advised that permission to proceed without back-up counsel may be revoked at the Board's discretion at any time during a proceeding. *See id*. For example, permission to proceed without back-up counsel may be revoked if the absence of back-up counsel causes scheduling problems or impedes Board proceedings. *See id*.

IPR2026-00234
Patent 11,728,564

Once a party has designated a registered practitioner as lead counsel pursuant to 37 C.F.R. § 42.10(a) and filed a power of attorney for lead counsel if required by 37 C.F.R. § 42.10(b), that party is also authorized to file one or more motions for *pro hac vice* recognition of back-up counsel pursuant to 37 C.F.R. § 42.10(c)(1) and/or one or more notices of intent to designate a provisionally recognized PTAB attorney as back-up counsel pursuant to 37 C.F.R. § 42.10(c)(2).   A motion or notice seeking *pro hac vice* recognition shall not be filed earlier than 21 days after service of the petition, which is the time for filing patent owner mandatory notices.

A motion for *pro hac vice* recognition filed pursuant to 37 C.F.R. § 42.10(c)(1) shall be accompanied by the fee set forth in 37 C.F.R. § 42.15(e).  Such motion must:

a.  Contain a statement of facts showing there is good cause for the Board to recognize counsel *pro hac vice* during the proceeding; and

b.  Be accompanied by an affidavit or declaration in which the individual seeking *pro hac vice* recognition attests to the following:

i.  Membership in good standing of the Bar of at least one State or the District of Columbia;

ii.  No suspensions or disbarments from practice before any court or administrative body;

iii.  No application for admission to practice before any court or administrative body ever denied;

iv.  No sanctions or contempt citations ever imposed by any court or administrative body;

v.  The individual seeking to appear has read and will comply with the Office Patent Trial Practice Guide and the Board's Rules of Practice for Trials set forth in 37 CFR part 42;

4

IPR2026-00234
Patent 11,728,564

vi.  The individual will be subject to the USPTO Rules of Professional Conduct set forth in 37 CFR 11.101 *et seq.* and disciplinary jurisdiction under 37 CFR 11.19(a);

vii.  All other proceedings before the Office for which the individual has applied to appear *pro hac vice* in the last three years; and

viii.  Familiarity with the subject matter at issue in the proceeding.[1]

If the affiant or declarant is unable to provide any of the information requested above or make the required statements or representations under oath, the individual must provide a full explanation of the circumstances as part of the affidavit or declaration.  A party must also file a power of attorney for the person seeking *pro hac vice* recognition pursuant to 37 C.F.R. § 42.10(b).

A notice of intent to designate a provisionally recognized PTAB attorney as back-up counsel filed pursuant to 37 C.F.R. § 42.10(c)(2) must:

(a)  Identify the registered practitioner who will serve as lead counsel;

(b)  Identify the most recent prior proceeding in which the person seeking to appear was recognized *pro hac vice* by order of the Patent Trial and Appeal Board pursuant to a motion of the type described in 37 C.F.R. § 42.10(c)(1); and

---

[1]  The type of familiarity referenced in the Board's rules regarding *pro hac vice* admission is legal familiarity; technical familiarity, though expected, is not required.  *See* Expanding Opportunities To Appear Before the Patent Trial and Appeal Board, 89 F.R. 82172, 82175 (Oct. 10, 2024); 37 C.F.R. § 42.10(c)(1).

IPR2026-00234
Patent 11,728,564

(c) Be accompanied by Certification in the form of an affidavit or declaration in which the individual seeking *pro hac vice* recognition attests to the following:

   i.  Membership in good standing of the Bar of at least one State or the District of Columbia;

   ii.  No suspensions or disbarments from practice before any court or administrative body;

   iii.  No application for admission to practice before any court or administrative body ever denied;

   iv.  No sanctions or contempt citations ever imposed by any court or administrative body;

   v.  The individual seeking to appear has read and will comply with the Office Patent Trial Practice Guide and the Board's Rules of Practice for Trials set forth in 37 CFR part 42;

   vi.  The individual will be subject to the USPTO Rules of Professional Conduct set forth in 37 CFR 11.101 *et seq.* and disciplinary jurisdiction under 37 CFR 11.19(a);

   vii.  All other proceedings before the Office for which the individual has applied to appear *pro hac vice* in the last three years; and

   viii.  Familiarity with the subject matter at issue in the proceeding.

The Certification should be a separate document that is filed as an exhibit.

If the affiant or declarant is unable to provide the information requested above or make the required statements or representations under oath, or if the affiant or declarant does not qualify as a provisionally recognized PTAB attorney pursuant to 37 C.F.R. § 42.10(c)(2), the procedure set forth in 37 C.F.R. § 42.10(c)(2) is not available, and *pro hac*

IPR2026-00234
Patent 11,728,564

*vice* recognition may only be obtained via the process set forth in 37 C.F.R. § 42.10(c)(1). *See* 37 C.F.R. § 42.10(c)(2)(iv). A party must also file a power of attorney for the person seeking *pro hac vice* recognition pursuant to 37 C.F.R. § 42.10(b). *Pro hac vice* recognition will not be effective until the party files an updated mandatory notice after the expiration of the applicable time period (5 or 10 days) set forth in 37 C.F.R. § 42.10(c)(2)(iii).

The parties are also reminded that unless otherwise permitted by 37 C.F.R. § 42.6(b)(2), all filings in this proceeding must be made electronically in the Patent Trial Appeal Case Tracking System (P-TACTS), accessible from the Board Web site at http://www.uspto.gov/PTAB. To file documents, users must first obtain a user ID by registering with MyUSPTO. Information regarding how to register with MyUSPTO and use P-TACTS is available at the Board Web site at https://www.uspto.gov/patents/ptab/patent-trial-and-appeal-case-tracking-system-p-tacts.

The parties may request a conference call as needed. An email requesting a conference call with the Board shall: (a) copy all parties, (b) indicate generally the relief being requested or the subject matter of the conference call, (c) include multiple times when all parties are available, (d) state whether the opposing party opposes any relief requested, and (e) if opposed, either certify that the parties have met and conferred telephonically or in person in an attempt to reach agreement, or explain why such meet and confer did not occur. If a party is unable to include any of the above information, the party shall explain in the email why doing so was not possible. The email may not contain substantive argument and, unless

IPR2026-00234
Patent 11,728,564

otherwise authorized, may not include attachments. *See* Trial Practice Guide at 9–10. If practicable, in order to ensure emails are consistent with the above, the parties shall send a single, joint email that includes items (a)–(e).

If there are any questions pertaining to this notice, please contact the Patent Trial and Appeal Board at trials@uspto.gov or 571-272-7822.

IPR2026-00234
Patent 11,728,564

FOR PETITIONER:

Robert Appleby
F. Mizzo
Wilbur Baker
KIRKLAND & ELLIS LLP
robert.appleby@kirkland.com
chris.mizzo@kirkland.com
todd.baker@kirkland.com

FOR PATENT OWNER:

KASHA LAW LLC
14532 Dufief Mill Road
North Potomac, MD 20878

Nicholas F. Lenning
K&L GATES LLP
925 Fourth Avenue
Suite 2900
Seattle, Washington 98104
nicholas.lenning@klgates.com

James A. Shimota
Austin C. Holler
Laurel W. Salisbury
Devdhi Kasana
K&L GATES LLP
70 West Madison Street
Suite 3300
Chicago, IL 60602
jim.shimota@klgates.com
austin.holler@klgates.com
laurel.salisbury@klgates.com
devdhi.kasana@klgates.com

IPR2026-00234
Patent 11,728,564

Andrea L. Fair
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
andrea@millerfairhenry.com

IPR2026-00234
Patent 11,728,564

## NOTICE CONCERNING ALTERNATIVE DISPUTE RESOLUTION (ADR)

The Patent Trial and Appeal Board (PTAB) strongly encourages parties who are considering settlement to consider alternative dispute resolution as a means of settling the issues that may be raised in an AIA trial proceeding. Many AIA trials are settled prior to a Final Written Decision. Those considering settlement may wish to consider alternative dispute resolution techniques early in a proceeding to produce a quicker, mutually agreeable resolution of a dispute or to at least narrow the scope of matters in dispute. Alternative dispute resolution has the potential to save parties time and money.

Many non-profit organizations, both inside and outside the intellectual property field, offer alternative dispute resolution services. Listed below are the names and addresses of several such organizations. The listings are provided for the convenience of parties involved in cases before the PTAB; the PTAB does not sponsor or endorse any particular organization's alternative dispute resolution services. In addition, consideration may be given to utilizing independent alternative dispute resolution firms. Such firms may be located through a standard keyword Internet search.

| CPR INSTITUTE FOR DISPUTE RESOLUTION | AMERICAN INTELLECTUAL PROPERTY LAW ASSOCIATION (AIPLA) | AMERICAN ARBITRATION ASSOCIATION (AAA) | WORLD INTELLECTUAL PROPERTY ORGANIZATION (WIPO) | AMERICAN BAR ASSOCIATION (ABA) |
|---|---|---|---|---|
| Telephone: (212) 949-6490 | Telephone: (703) 415-0780 | Telephone: (212) 484-3266 | Telephone: 41 22 338 9111 | Telephone : (202) 662-1000 |
| Fax: (212) 949-8859 | Fax: (703) 415-0786 | Fax: (212) 307-4387 | Fax: 41 22 733 5428 | N/A |
| 575 Lexington Ave | 241 18th Street, South, Suite 700 | 140 West 51st Street | 34, chemin des Colombettes | 1050 Connecticut Ave, NW |
| New York, NY 10022 | Arlington, VA 22202 | New York, NY 10020 | CH-1211 Geneva 20, Switzerland | Washington D.C. 20036 |
| www.cpradr.org | www.aipla.org | www.adr.org | www.wipo.int | www.americanbar.org |

If parties to an AIA trial proceeding consider using alternative dispute resolution, the PTAB would like to know whether the parties ultimately decided to engage in alternative dispute resolution and the reasons why or why not. If the parties actually engage in alternative dispute resolution, the PTAB

11

IPR2026-00234
Patent 11,728,564

would be interested to learn what mechanism (e.g., arbitration, mediation, etc.) was used and the general result. Such a statement from the parties is not required but would be helpful to the PTAB in assessing the value of alternative dispute resolution to parties involved in AIA trial proceedings. To report an experience with ADR, please forward a summary of the particulars to the following email address: PTAB_ADR_Comments@uspto.gov