**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| AQ CORPORATION,<br><br>      Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., and<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>      Defendants. | CASE NO. 2:25-CV-01012-JRG<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO STAY**
**PENDING *INTER PARTES* REVIEW OF THE ASSERTED PATENTS**

i

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION..................................................................................................... 1

II.     ARGUMENT........................................................................................................... 1

     A.     A Stay Will Likely Simplify This Case And Conserve Judicial Resources ........... 1

     B.     AQ Cannot Show It Would Be Unduly Prejudiced By The Requested Stay ......... 3

     C.     Samsung Requested A Stay At A Very Early Stage Of The Case.......................... 3

III.     CONCLUSION ...................................................................................................... 5

## I.   INTRODUCTION

AQ's opposition to Samsung's Motion to Stay fails to meaningfully address several essential points raised in the Motion. First, AQ does not dispute that Samsung's pending IPR petitions have the potential to reduce, or eliminate, the issues present in this case, especially where Samsung has provided a *Sotera*-plus stipulation. Even though the institution rate has lowered recently, meritorious IPRs such as Samsung's continue to be instituted, and, if so, would simplify the issues here. Samsung's petitions are particularly strong because they raise multiple, independent invalidity grounds based on material prior art references that were not considered by the PTO during prosecution of the Asserted Patents. Second, AQ cannot demonstrate undue prejudice from a temporary stay, especially when it delayed asserting the patents for years. Third, Samsung filed IPR petitions before the deadline for responsive pleadings and has thus requested a stay at a very early stage of this case. A stay would therefore save significant judicial and party resources because the most burdensome parts of the litigation are far away. Trial is still nearly two years away. The Court should grant Samsung's Motion.

## II.   ARGUMENT

### A.   A Stay Will Likely Simplify This Case And Conserve Judicial Resources

AQ does not dispute that Samsung's IPR petitions have the potential to drastically reduce the issues in this case, or even resolve them altogether.[1] Instead, AQ merely disputes the odds of Samsung's IPRs being instituted and misrepresents Samsung's position as suggesting a "near-certain prospect of claim cancellation." Opp. at 3-4. But that is not the standard; rather, a motion to stay pending IPRs should be granted where "the stay will likely result in simplifying the case before the court." *Vill. Green Techs., LLC v. Samsung Elecs. Co.*, No. 2:22-CV-00099-JRG,

---

[1]   Samsung's IPR petitions challenge every claim from each Asserted Patent.

1

2023 WL 416419, at *2 (E.D. Tex. Jan. 25, 2023) (granting motion to stay case pending IPRs) (quotation marks and citation omitted). Because Samsung has served a "*Sotera* plus" stipulation,[2] a stay will likely result in case simplification as a final IPR decision will, at a minimum, "narrow the issues." *Telcom Ventures LLC v. Apple Inc.*, No. 25-CV-05041-RFL, 2026 WL 84431, at *2 (N.D. Cal. Jan. 12, 2026) (granting motion to stay case pending pre-institution decision IPRs, where movants also filed a "*Sotera* Plus" stipulation).

Samsung's petitions raise three independent invalidity grounds, each relying on material prior art that the USPTO and the PTAB have not yet considered. This includes a reference (US 2018/0198209, Kang) that is not related to the Asserted Patents but nonetheless shares a nearly identical specification. Based on the strength of its invalidity grounds, Samsung expects to invalidate all claims its IPR petitions challenge. Where, as here, "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues," a stay is "particularly justified." *NFC Tech. LLC v. HTC Am., Inc.*, No. 13-CV-1058-WCB, 2015 WL 1069111, at *1 (E.D. Tex Mar. 11, 2015).

To be clear, a guarantee of claim cancellation is not necessary to justify a stay. Rather, the question is "whether the stay will likely result in simplifying the case before the [C]ourt." *Id.* at *2. Samsung expects that it will. Given the strength of the prior art, Samsung expects that its petitions stand a greater than average chance of success. Even if the PTAB invalidates only some

---

[2] Samsung has stipulated, on broader terms than those in *Sotera Wireless, Inc. v. Masimo Corp.*, IPR2020-01019, Paper 12 at 18-19 (PTAB Dec. 1, 2020), that if the PTAB institutes Samsung's IPR petitions and the instituted proceedings are not subsequently vacated, dismissed, reversed or otherwise withdrawn, then Samsung will not pursue in this case: (i) the specific grounds raised in the instituted IPR; (ii) any other grounds that could have reasonably been raised before the PTAB in the instituted IPR (i.e., any ground that could have reasonably been raised under §§ 102 or 103 on the basis of prior art patents or printed publications); or (iii) any ground based on a combination of system prior art and the references asserted as part of a ground raised in the instituted IPR. Ex. 11.

of the challenged claims, the requested stay will have been more than justified because the IPRs will have narrowed the issues in this case and reduced the number of asserted claims. Further, if even one IPR is instituted but none of the challenged claims are cancelled, the requested stay will have simplified the case based on estoppel principles because of Samsung's *Sotera*-plus stipulation and because the IPR will have added to the intrinsic record in ways that may help guide the Court in future issues, including claim construction and non-infringement.

**B.      AQ Cannot Show It Would Be Unduly Prejudiced By The Requested Stay**

AQ did not, and cannot, demonstrate that it will be unduly prejudiced by a stay in litigating its infringement claims while Samsung's IPR petitions are pending. AQ's sole identification of allegedly undue prejudice is the generic claim that a stay would affect the "timely vindication of its patent rights." Opp. at 5. But, as one of AQ's cited cases recognizes, "a delay in vindication of patent rights alone is insufficient to prevent a motion to stay from being granted," and "such a delay should still be considered in determining the extent of undue prejudice." *Lionra Techs. Ltd. v. Cisco Sys., Inc.*, No. 2:24-CV-00097-JRG, 2025 WL 1239317, at *2 (E.D. Tex. Apr. 29, 2025). And, as Samsung discussed in the motion (yet AQ ignores in opposition), AQ admits that it waited over two years before initiating this lawsuit to purportedly "vindicat[e] its patent rights." Mot. at 7. Surely, AQ would not be unduly prejudiced by a brief stay while Samsung's IPRs remain pending. *See VirtualAgility Inc v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318-20 (Fed. Cir. 2014) (remanding with instructions to grant stay where the patentee's nearly one-year delay in filing suit "belie[d] its claims that it will be unduly prejudiced by a stay").

**C.      Samsung Requested A Stay At A Very Early Stage Of The Case**

AQ acknowledges that Samsung requested a stay at an early stage of the case and further acknowledges that this fact favors a stay. Opp. at 6. Yet AQ apparently contends that Samsung

3

filed IPR petitions and moved to stay *too early*, arguing that "any institution decision will come long before the *Markman* hearing …. So too will summary judgment and expert discovery …." *Id.* But this Court and the Federal Circuit have consistently held that an early stage of litigation weighs in favor of granting a motion to stay. *CyWee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-cv-00140-WCB-RSP, 2019 WL 11023976, at *6 (E.D. Tex. Feb. 14, 2019) (granting motion to stay where "the most burdensome parts of the case … all lie in the future"); *Landmark Tech., LLC v. iRobot Corp.*, No. 6:13-cv-411-JDL, 2014 WL 486836, at *3 (E.D. Tex. Jan. 24, 2014) ("Staying a case at an early juncture can advance judicial efficiency and maximize the likelihood that neither the court nor the parties expend their assets addressing invalid claims.") (internal quotation marks and citation omitted) (granting motion to stay); *Chart Trading Dev., LLC v. Tradestation Grp., Inc.*, No. 6:15-cv-1136-JDL, 2016 WL 1246579, at *4 (E.D. Tex. Mar. 29, 2016) (finding early stage of litigation weighed in favor of granting motion to stay); *Smartflash LLC v. Apple Inc.*, 621 F. App'x 995, 1005 (Fed. Cir. 2015) ("Despite the substantial time and effort already spent in this case, the most burdensome task is yet to come. A determination from the PTAB that all the asserted claims are patent ineligible will spare the parties and the district court the expense of any further litigation, including a trial.") (remanding with instructions to grant Samsung's motion to stay); *see Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1374 (Fed. Cir. 2014) (finding that the district court should be "mindful of the burden on the parties and the court in completing both fact and expert discovery, resolving summary judgment motions, completing the *Markman* process, and preparing for trial" and further finding that such circumstances weighed strongly in favor of a stay), *opinion vacated on other grounds by* 780 F.3d 1134 (Fed. Cir. 2015). A stay now will conserve judicial resources and allow the parties to avoid incurring significant expense if the litigation continues.

4

### III.   CONCLUSION

Each of the three factors this Court considers favor a stay. Samsung therefore respectfully requests that the Court stay this case pending final resolution of Samsung's IPR petitions.

Dated: March 11, 2026

Respectfully submitted,

*/s/ Melissa R. Smith*

Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

Gregory S. Arovas, P.C. (*pro hac vice*)
Joseph A. Loy, P.C. (admitted in E.D. Texas)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: greg.arovas@kirkland.com
Email: jloy@kirkland.com

F. Christopher Mizzo (admitted in E.D. Texas)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave NW
Washington, DC 20004
Telephone: (202) 389-5000
Facsimile: (202) 879-5000
Email: chris.mizzo@kirkland.com

Adam Janes (*pro hac vice*)
KIRKLAND & ELLIS LLP
333 W Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: adam.janes@kirkland.com

*Attorneys for Defendants Samsung Electronics Co.,*
*Ltd., and Samsung Electronics America, Inc*

6

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on March 11, 2026 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ Melissa R. Smith
Melissa R. Smith