IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| AQ CORPORATION, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:25-CV-01012-JRG |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD. | § | |
| and SAMSUNG ELECTRONICS | § | |
| AMERICA, INC., | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

## ORDER

Before the Court is the Motion to Stay Pending *Inter Partes* Review of the Asserted Patents (the "Motion") filed by Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung"). (Dkt. No. 32.) In the Motion, Samsung moves "to stay the above-captioned litigation until the [PTAB] has concluded [IPR] of the asserted patents in this case." (*Id*. at 1.)

Plaintiff AQ Corporation ("AQ") asserts U.S. Patent Nos. 11,303,011; 11,495,875; and 11,728,564 (collectively, the "Asserted Patents") against Samsung in this action. (Dkt. No. 1 at ¶1.) Samsung has filed IPR petitions challenging each claim from each Asserted Patent. (Dkt. No. 32 at 2.) Samsung expects the PTAB to issue institution decisions for these IPRs by July 29, 2026. (*Id*. at 3 n.1.)

District courts have the inherent power to control their own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). How to best manage a court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

"District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.). "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.*

Where a motion to stay is filed before the PTAB institutes a proceeding, courts often withhold a ruling pending action on the petition by the PTAB or deny the motion without prejudice to refiling in the event that the PTAB institutes a proceeding. *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1316 (Fed. Cir. 2014) (citing *Checkfree Corp. v. Metavante Corp.*, 2014 WL 466023, at *1 (M.D. Fla. Jan. 17, 2014)); *see also NFC Techs.*, 2015 WL 1069111, at *6. Indeed, this Court has a consistent practice of denying motions to stay when the PTAB has yet to institute post-grant proceedings. *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-cv-1047-WCB, 2015 WL 1069179, at *6 (E.D. Tex. Mar. 11, 2015) (Bryson, J.) ("This Court's survey of cases from the Eastern District of Texas shows that when the PTAB has not yet acted on a petition for *inter partes* review, the courts have uniformly denied motions for a stay.").

Considering these circumstances, the Court concludes that the Motion is premature, and a stay of these proceedings in advance of the PTAB's institution decision should be denied. Accordingly, the Motion is **DENIED WITHOUT PREJUDICE**.

**So ORDERED and SIGNED this 17th day of July, 2026.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE