**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

AQ CORPORATION,

          Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD., and
SAMSUNG ELECTRONICS AMERICA,
INC.,

          Defendants.

CASE NO. 2:25-CV-01012-JRG

**JURY TRIAL DEMANDED**

**SAMSUNG'S UNOPPOSED RENEWED MOTION TO STAY PENDING
*INTER PARTES* REVIEW OF THE ASSERTED PATENTS**

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION................................................................................................... 1

II.    FACTUAL BACKGROUND.................................................................................... 2

III.   LEGAL STANDARD ............................................................................................ 3

IV.   ARGUMENT......................................................................................................... 4

      (a)    A Stay Pending the Instituted IPR Proceedings Will Simplify or Eliminate
           Issues in This Case........................................................................................... 4

      (b)    AQ Will Not Suffer Any Undue Prejudice from a Stay of This Case
           Pending the Instituted IPR Proceedings........................................................... 6

      (c)    The Early Stage of This Case Weighs in Favor of a Stay Pending the
           Instituted IPR Proceedings............................................................................... 7

V.    CONCLUSION ..................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**                                                                                                **Page(s)**

*Clinton v. Jones*,
   520 U.S. 681 (1997)...................................................................................................................3

*CyWee Grp. Ltd. v. Samsung Elecs. Co.*,
   No. 2:17-cv-00140-WCB-RSP, 2019 WL 11023976 (E.D. Tex. Feb. 14, 2019)......................7

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936)...................................................................................................................3

*NFC Techs. LLC v. HTC Am., Inc.*,
   No. 2:13-cv-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015)..............................4, 5

*Resonant Sys., Inc. v. Nintendo Co.*,
   No. 2:25-CV-90-JRG, 2025 WL 2097883 (E.D. Tex. July 25, 2025)............................ *passim*

*Resonant Sys., Inc. v. Samsung Elecs. Co.*,
   No. 2:22-CV-00423-JRG, 2024 WL 1021023 (E.D. Tex. Mar. 8, 2024).........................5, 6, 7

*Smartflash LLC v. Apple Inc.*,
   621 F. App'x 995 (Fed. Cir. 2015) ...........................................................................................7

*Versata Software, Inc. v. Callidus Software, Inc.*,
   771 F.3d 1368, 1374 (Fed. Cir. 2014),  *opinion vacated on other grounds by*
   780 F.3d 1134 (Fed. Cir. 2015)..................................................................................................8

*Vill. Green Techs., LLC v. Samsung Elecs. Co.*,
   No. 2:22-CV-00099-JRG, 2023 WL 416419 (E.D. Tex. Jan. 25, 2023) ...............................3, 4

*VirtualAgility Inc v. Salesforce.com, Inc.*,
   759 F.3d 1307 (Fed. Cir. 2014)..............................................................................................1, 6

*Zodiac Pool Sys. LLC v. Wybotics Co.*,
   No. 2:25-cv-00582, Dkt. 62 (E.D. Tex. June 2, 2026)................................................................4

**Statutes**

35 U.S.C.A. § 316(a)(11).................................................................................................................6

**Other Authorities**

https://www.uspto.gov/sites/default/files/documents/trial-stats-fy26q2-outcome-
   roundup.pdf.................................................................................................................................5

On July 17, 2026, this Court denied without prejudice Samsung's motion to stay pending *inter partes* review ("IPR") of the asserted patents as premature as institution decisions had yet to issue.  Dkt. 52.  A few days later, on July 21, 2026, the Director of the Patent Office granted institution of Samsung's three IPRs challenging all remaining claims of the asserted patents.[1] Ex. 1 (Notice of Decisions on Institution).  Accordingly, Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") respectfully renew their motion to stay through resolution of these now-instituted IPRs. Samsung has conferred with counsel for AQ, and AQ does not oppose a stay of the case pending the IPRs through the Final Written Decisions.

## I.    INTRODUCTION

The factors this Court considers all favor staying this litigation pending resolution of these IPRs.  ***First***, a stay will simplify the issues in this case.  The USPTO has instituted IPR proceedings against ***every*** asserted claim of the Asserted Patents. *See Resonant Sys., Inc. v. Nintendo Co.*, No. 2:25-CV-90-JRG, 2025 WL 2097883, at \*1–\*2 (E.D. Tex. July 25, 2025) ("When 'the PTAB has instituted IPR proceedings ... as to all claims of all asserted patents, this Court ... routinely stay[s] cases'") (internal citation omitted).  Moreover, Samsung's petitions rely entirely on prior art the Patent Office did not consider during prosecution.  ***Second***, a stay will not unduly prejudice AQ because AQ waited years before filing suit and the Final Written Decisions are expected months before the currently scheduled trial date. *See VirtualAgility Inc v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318–20 (Fed. Cir. 2014) (remanding with instructions to

---

[1]    The Asserted Patents are U.S. Patent Nos. 11,303,011, 11,495,875, and 11,728,564.  On April 29, 2026, in connection with its Patent Owner Preliminary Responses, Plaintiff disclaimed 38 of the 48 claims challenged by Samsung's IPR petitions.  The remaining asserted claims are claims 1–4 and 6 of the '011 Patent, claims 6 and 16 of the '875 Patent, and claims 8 and 16 of the '564 Patent. Exs. 2–3 (Statutory Disclaimers for the '875 and the '564 Patents).

grant stay where patentee's delay in filing suit "belie[d] its claims that it will be unduly prejudiced by a stay"); *see also Resonant Sys.*, 2025 WL 2097883, at \*3 (finding no undue prejudice when PTAB's final written decision was to be issued before trial). **Third**, this case remains in its infancy. Discovery is in its earliest stages, no depositions have occurred, expert discovery has not begun, the *Markman* hearing is ten months away, and trial is more than fifteen months away. Dkt. 23. A stay now will conserve the Court's and the parties' resources. *See Resonant Sys.*, 2025 WL 2097883 at \*2 (finding that a stage of litigation earlier than claim construction and the close of discovery weighed in favor of a stay). Samsung respectfully requests, and AQ does not oppose, that the Court stay this case pending the IPRs through the Final Written Decisions.

## II.    FACTUAL BACKGROUND

AQ filed its Complaint on October 7, 2025. Dkt. 1. On January 26, 2026, the day before Samsung filed its Answer and Counterclaims (Dkt. 19), Samsung filed IPR petitions challenging every claim of each Asserted Patent. Samsung promptly moved to stay this case pending the IPRs. Dkt. 32. The Court denied that motion without prejudice as premature as institution decisions had yet to issue. Dkt. 52. On July 21, 2026, the PTAB granted Samsung's petitions and instituted IPR proceedings for each Asserted Patent. Ex. 1 (Notice of Decisions on Institution).

| Patent No. | IPR No. | IPR Institution Date |
|---|---|---|
| 11,303,011 | IPR2026-00231 | July 21, 2026 |
| 11,495,875 | IPR2026-00232 | July 21, 2026 |
| 11,728,564 | IPR2026-00234 | July 21, 2026 |

Each IPR petition relies exclusively on prior art references that the Patent Office did not consider, alone or in combination, during prosecution. The art relied on in each IPR is as follows:

2

- PCT Publication 2017/175886 ("Seong")

- U.S. Patent Application Publication 2019/0109373 ("Ahn")

- U.S. Patent 10,269,005 ("005Lee")

- Korean Patent Publication 10- 2017-0093670 ("Cho")

- U.S. Patent Application Publication 2017/0228721 ("721Lee")

- U.S. Patent Application Publication 2018/0198209 ("Kang")

*See generally* Exs. 4–6 (IPR Petitions).

These prior art references render obvious every asserted claim for the reasons stated in the IPR petitions.  In support, Dr. David Choi submitted declarations explaining why the challenged claims would have been obvious to a person of ordinary skill in the art, providing motivations for combining the references, and showing that the combinations would have been well within the knowledge and ability of such a person.  *See generally* Exs. 7–9 (Choi Declarations).

All significant events remain far out: the *Markman* hearing is scheduled for May 12, 2027; fact discovery closes on June 14, 2027; expert discovery closes on July 19, 2027; dispositive motions are due on July 26, 2027; and trial is scheduled for jury selection on November 1, 2027.  Dkt. 23.

## III.    LEGAL STANDARD

"[The] district court has the inherent power to control its own docket, including the power to stay proceedings." *Vill. Green Techs., LLC v. Samsung Elecs. Co.*, No. 2:22-CV-00099-JRG, 2023 WL 416419, at *1 (E.D. Tex. Jan. 25, 2023) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). When managing its docket, the district court "must weigh competing interests and maintain an even balance." *Id.* (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).

3

When deciding whether to stay a case pending IPR, district courts will consider "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *Id.*, at \*2 (quoting *NFC Techs. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111, at \*2 (E.D. Tex. Mar. 11, 2015)). "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.* (quoting *NFC Techs.*, 2015 WL 1069111, at \*2)*.*

## IV.    ARGUMENT

All three factors favor granting a stay. A stay will simplify this litigation, will not unduly prejudice AQ, and will conserve the Court's and the parties' resources. In addition, AQ does not oppose a stay, further supporting this. *See*, *e.g.*, *Zodiac Pool Sys. LLC v. Wybotics Co.*, No. 2:25-cv-00582, Dkt. 62 (E.D. Tex. June 2, 2026) (granting unopposed motion to stay a case in its entirety pending IPR proceedings).

### (a)    A Stay Pending the Instituted IPR Proceedings Will Simplify or Eliminate Issues in This Case

"[T]he most important factor bearing on whether to grant a stay in this case is the prospect that the inter partes review proceeding will result in simplification of issues before the Court." *Vill. Green Techs.*, 2023 WL 416419, at \*3 (quoting *NFC Techs.*, 2015 WL 1069111, at \*4). "A stay is particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *Id.* at \*1 (internal quotation marks and citation omitted).

Here, the USPTO has instituted IPR proceedings against *every* asserted claim of the Asserted Patents. Ex. 1 (Notice of Decisions on Institution). In such circumstances, "'this Court

4

… routinely stay[s] cases' because 'the claims may potentially be modified, dropped, or canceled in light of such parallel proceedings,'" and the PTAB's decisions will likely simplify the issues in this case. *Resonant Sys.*, 2025 WL 2097883, at \*1–\*2  (internal citation omitted).

Recent USPTO data shows that instituted IPRs frequently lead to claim cancellation. From October 2025 through March 2026, 80% of Final Written Decisions resulted in at least one claim being found invalid, and 61% found all instituted claims invalid.  *See* Ex. 10 (PTAB Q2 26 Stats) at 3.[2,3]  Here, where the USPTO is reviewing ***every*** asserted claim, there is a material likelihood that at least some asserted claims will be cancelled or amended.  *See NFC Tech.*, 2015 WL 1069111, at \*4 (noting that if some or all asserted claims are cancelled, "either some portion of the litigation will fall away, or the litigation will come to an end altogether").

Moreover, Samsung's petitions are strong.  They raise three independent invalidity grounds, each relying on material prior art the USPTO had not previously considered.  *See Resonant Sys., Inc. v. Samsung Elecs. Co.*, No. 2:22-CV-00423-JRG, 2024 WL 1021023 (E.D. Tex. Mar. 8, 2024) at \*3 (finding a "material likelihood of simplification of the issues" where "*inter partes* review had been instituted on all Asserted Claims of all Asserted Patents on multiple grounds").  This includes a reference (US 2018/0198209, Kang), unrelated to the Asserted Patents but sharing a nearly identical specification.  Further, a guarantee of claim cancellation is not required for a stay.  Rather, the question is "whether the stay will likely result in simplifying the case before the [C]ourt." *NFC Tech.*, 2015 WL 1069111, at \*2.  The strength

---

[2]    https://www.uspto.gov/sites/default/files/documents/trial-stats-fy26q2-outcome-roundup.pdf. (149 FWD All Unpatentable + 46 FWD Mixed) / (149 FWD All Unpatentable + 46 FWD Mixed + 49 FWD All Patentable) = 80%

[3]    https://www.uspto.gov/sites/default/files/documents/trial-stats-fy26q2-outcome-roundup.pdf. (149 FWD All Unpatentable) / (149 FWD All Unpatentable + 46 FWD Mixed + 49 FWD All Patentable) = 61%

of Samsung's petitions and the breadth of institution across all asserted claims establishes a material likelihood of simplification.

**(b)    AQ Will Not Suffer Any Undue Prejudice from a Stay of This Case Pending the Instituted IPR Proceedings**

AQ will not suffer undue prejudice if the Court stays this case.  Indeed, AQ does not oppose a stay, confirming there will be no undue prejudice.

"[W]hether the patentee will be *unduly prejudiced* by a stay in the district court proceedings … focuses on the patentee's need for an expeditious resolution of its claim." *VirtualAgility*, 759 F.3d at 1318.  Here, where AQ does not oppose a stay, there is no such need. Further, AQ could have initiated this litigation years ago.  In its Complaint, AQ alleges that it "learn[ed] that Samsung had adopted AQ's proprietary and patent-pending design" in September 2020 (which Samsung denies), the earliest Asserted Patent issued on April 12, 2022, and the latest issued on August 15, 2023.  Dkt. 1, ¶¶ 13–15, 24.  Yet AQ did not file suit until October 2025.  *See id.*  The PTAB's Final Written Decisions in the instituted IPR proceedings are expected by July 21, 2027, which is months before the currently scheduled trial date. 35 U.S.C.A. § 316(a)(11) (West).  As the Court found in *Resonant Sys., Inc. v. Samsung Elecs. Co.*, AQ's multi-year delay strongly indicates that AQ will not be unduly prejudiced by a brief additional delay until the Final Written Decisions are issued.  2024 WL 1021023, at *2-*4; *see also VirtualAgility*, 759 F.3d at 1319 (finding that a nearly one-year delay between patent issuance and filing suit weighed against a finding of undue prejudice from a stay).  This is particularly true here, where the PTAB's Final Written Decisions are expected to issue months before trial. *Resonant Sys.*, 2025 WL 2097883, at *3 (finding no undue prejudice where PTAB's final written decision was to be issued months before trial).

6

By contrast, the parties would be prejudiced without a stay because they would continue incurring expenses in connection with AQ's infringement allegations that Samsung expects will be mooted (or at least materially changed) by the PTAB's Final Written Decisions.  As discussed below, the case is still in its early stages.  Thus, this factor favors a stay.

### (c)   The Early Stage of This Case Weighs in Favor of a Stay Pending the Instituted IPR Proceedings

Samsung filed this motion promptly after receiving the PTAB's Notices of Institution on July 21, 2026.   Significant work remains in the case.   Limited document production has occurred, and the deadline to substantially complete production is not until March 31, 2027. Dkt. 23.  The claim construction hearing is not scheduled until May 12, 2027, expert discovery has not begun, and trial is scheduled for November 1, 2027.  *Id.*  In short, "the most burdensome parts of the case … all lie in the future." *CyWee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-cv-00140-WCB-RSP, 2019 WL 11023976, at *6 (E.D. Tex. Feb. 14, 2019) (granting motion to stay); *see Resonant Sys.*, 2024 WL 1021023, at *4 (finding that the defendant promptly moving to stay the case after PTAB instituted an IPR and that the case had yet to have a *Markman* hearing both weighed in favor of a stay); *see also Smartflash LLC v. Apple Inc.*, 621 F. App'x 995, 1005 (Fed. Cir. 2015) ("Despite the substantial time and effort already spent in this case, the most burdensome task is yet to come.  A determination from the PTAB that all the asserted claims are patent ineligible will spare the parties and the district court the expense of any further litigation, including a trial.") (remanding with instructions to grant Samsung's motion to stay).

A stay at this point in the case would save precious judicial and party resources.  *See Resonant Sys.*, 2025 WL 2097883, at *2 (finding that the defendant promptly moving to stay after the plaintiff filed suit and that the "parties had not yet invested resources into the discovery process, nor had the Court yet invested resources into claim construction" both weighed in favor

7

of a stay); *see also*, *Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1374 (Fed. Cir. 2014) (courts should be "mindful of the burden on the parties and the court in completing both fact and expert discovery, resolving summary judgment motions, completing the *Markman* process, and preparing for trial" and finding the stage of the case, in which fact discovery was still ongoing, weighed strongly in favor of a stay), *opinion vacated on other grounds by* 780 F.3d 1134 (Fed. Cir. 2015).

## V.       CONCLUSION

For the reasons stated above, including that AQ does not oppose a stay, judicial economy is best served by staying this litigation.  Samsung therefore respectfully requests that the Court grant this unopposed motion.


Dated: July 28, 2026                                    Respectfully submitted,

                                                        */s/ Melissa R. Smith*
                                                        Melissa R. Smith
                                                        State Bar No. 24001351
                                                        GILLAM & SMITH, LLP
                                                        303 South Washington Avenue
                                                        Marshall, Texas 75670
                                                        Telephone: (903) 934-8450
                                                        Facsimile: (903) 934-9257
                                                        melissa@gillamsmithlaw.com

                                                        Gregory S. Arovas, P.C. (admitted *pro hac vice*)
                                                        Joseph A. Loy, P.C. (admitted in E.D. Texas)
                                                        KIRKLAND & ELLIS LLP
                                                        601 Lexington Avenue
                                                        New York, NY 10022
                                                        Telephone: (212) 446-4800
                                                        Facsimile: (212) 446-4900
                                                        Email: greg.arovas@kirkland.com
                                                        Email: jloy@kirkland.com

                                                        F. Christopher Mizzo (admitted in E.D. Texas)
                                                        KIRKLAND & ELLIS LLP
                                                        1301 Pennsylvania Ave NW

8

Washington, DC 20004
Telephone: (202) 389-5000
Facsimile: (202) 879-5000
Email: chris.mizzo@kirkland.com

Adam Janes (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
333 W Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: adam.janes@kirkland.com

*Attorneys for Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc*

9

## CERTIFICATE OF CONFERENCE

On July 26, 2026, counsel for Defendants has complied with the meet and confer requirement in Local Rule CV-7(h) and made a good-faith effort to resolve the matter presented herein. Plaintiff does not oppose the instant motion.

*/s/ Melissa R. Smith*
Melissa R. Smith

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on July 28, 2026 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Melissa R. Smith*
Melissa R. Smith